JOURNAL ENTRY AND OPINION
Nina Jones appeals from the judgment of the common pleas court denying her motions for judgment notwithstanding the verdict and for new trial in connection with her claim for negligence from injuries that she sustained as a passenger in an motor vehicle accident. Jones urges on appeal the court erroneously denied her motion for judgment notwithstanding the verdict and for new trial and the judgment is not supported by the manifest weight of the evidence. After careful consideration of the facts in this case and the applicable law, we reverse the judgment of the trial court and remand for a new trial.
The record reveals on July 20, 1996, Nina Jones was the passenger in a 1993 Cadillac driven by her son, Dionsous Walls. He approached the intersection of Bryce Avenue and East 162nd Street in Cleveland, Ohio, stopped at a stop sign and began to cross the intersection. Before completing his crossing, his car was struck at the passenger door by a car being driven by Howard. Jones suffered injury to her head, face and right leg and incurred substantial medical expenses.
Jones filed a complaint against Walls, Howard, and Juel Morrison, the owner of the Cadillac. The case proceeded to trial, and Walls testified that cars were parked on the west side of 162nd Street that obstructed his view, and he admitted that Howard had the right of way. Then, Jones testified that Walls stopped at the stop sign and crept slowly into the intersection. He exercised reasonable care and proceeded with caution. Further, she testified during her deposition that Howard was driving approximately forty miles per hour when the accident occurred. However at trial, she could not recall the speed limit on East 162nd and whether Howard had exceeded it. After the jury deliberated, it returned verdicts finding no negligence by either Walls or Howard. Jones filed a motion for judgment notwithstanding the verdict or a motion for new trial, which the court denied. Jones appeals from that judgment and raises two assignments of error for our review. Since Jones makes the same arguments for both assignments of error, they will be discussed together and they state:
 I. THE LOWER COURT ERRED IN FAILING TO GRANT A JUDGMENT NOTWITHSTANDING THE VERDICT AND/OR NEW TRIAL.
 II. THE LOWER COURT'S DECISION IS AGAINST THE MAINFEST [SIC] WEIGHT OF THE EVIDENCE.
Jones urges that the court erred when it denied her motions for judgment notwithstanding the verdict and for new trial in connection with her claim for negligence and contends that the jury verdict is against the manifest weight of the evidence. Walls maintains that Jones failed to establish his negligence, and the jury heard evidence to enter a verdict in his favor. Defendant Howard did not enter an appearance. The issue here concerns whether the court abused its discretion when it denied Jones' motions and whether Jones offered evidence to support all of the essential elements of negligence or whether the judgment is against the manifest weight of the evidence.
We begin by noting Civ.R. 59 provides in part:
 (A) A new trial may be granted to all or any of the parties * * * upon any of the following grounds:
* * *
 (6) The judgment is not sustained by the weight of the evidence; * * *
* * *
In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
Further in Salem v. Trivisonno, 1998 Ohio App. LEXIS 278, unreported, this court confronted a case where the tortfeasor in a motor vehicle accident admitted liability and only the issue of damages proceeded to trial. Both medical experts testified that Salem suffered injuries as a result of the car accident. Id. Yet, the jury found in favor of the tortfeasor. Id. This court determined that the experts' testimony constituted competent, credible evidence in support of Salem's claim for damages and ordered a new trial. Id.
As applied to the instant case, the evidence adduced at trial established that one or both of the drivers was negligent. Walls made a stop at the stop sign and testified that parked cars blocked his view. Under these circumstances, it was incumbent upon him to proceed only when he could do so safely with due regard for traffic on East 162nd Street, which traffic had the right of way. He testified that when he saw the other car coming he speeded up to try and cross the intersection, but did not make it. On the other hand, Howard who had the right of way could lose that right of way by proceeding at an excessive rate of speed.
Jones, a passenger, was injured in an accident where clearly one or both of the drivers was at fault. It was incumbent on the jury to make this determination. Accordingly, the jury's verdict finding no negligence is against the manifest weight of the evidence, and a new trial should have been granted.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 ________________________ JOSEPH J. NAHRA, JUDGE
ANN DYKE, A.J., and PATRICIA A. BLACKMON, J., CONCUR
(Retired, Eighth Appellate District, Sitting by Assignment)